REQUESTED BY: Dr. Joe E. Lutjeharms, Commissioner of Education, Lincoln, Nebraska
In the event of an Accountability and Disclosure Commission complaint being filed against me, a member of the State Board of Education, members of its LB 662 Advisory Committee, or State Department of Education staff members, will the office of the Nebraska Attorney General provide legal representation for such individuals?
No.
A cursory review of the Nebraska Political Accountability and Disclosure Act (hereinafter, Act), Neb.Rev.Stat. Sections 49-1401 to 49-14,138 (Reissue 1984), is in order. The Act, of course, regulates certain conduct of public officials and employees. It also regulates certain campaign practices of candidates for public office as well as lobbying practices. Not less than 22 of the Act's 144 sections proclaim violations thereof to be criminal offenses. In addition thereto, certain other sections of the Act provide for the imposition of civil penalties if the same are violated.
Subject to certain conditions, the Nebraska Accountability and Disclosure Commission (hereinafter, Commission), by way of preliminary investigation, investigates alleged violations of the Act and rules and regulations adopted and promulgated thereunder. If the preliminary investigation fails to indicate probable cause for belief that the Act has been violated, the Commission terminates the investigation and notifies the complainant and the person who had been under investigation.
If, after a preliminary investigation, it is determined by a majority vote of the Commission that there is probable cause for belief that the Act, or a rule or regulation adopted and promulgated thereunder, has been violated, the Commission has a duty to initiate appropriate proceedings to determine whether there has in fact been a violation. If it finds that there has been a violation of the Act or any rule or regulation promulgated thereunder, the Commission may, inter alia, begin civil or criminal prosecution for the imposition of appropriate penalties. In connection therewith, Neb.Rev.Stat. Sections 49-14,133 (Reissue 1984) specifically provides:
The Attorney General and the county attorney of the county in which a violation allegedly occurs shall have concurrent jurisdiction with the commission to enforce the criminal provisions of sections 49-1401 to 49-14,138.
It is therefore obvious that the Attorney General cannot represent State officers and employees in matters covered by the Act and also discharge his statutory duties pursuant to the Act without creating at least the appearance (if not in fact) a conflict of interest. Accordingly, this office has not, and cannot, represent State officers and employees in matters covered by the Act. Accordingly, our answer to your above stated question must be, and is, no.
Perhaps a final comment is in order. In stating in the paragraph immediately above the position this office must take with respect to State officers and employees in matters covered by the Act, it does not follow that State officers and employees are without legal assistance. Any person who is in doubt as to the propriety of action proposed to be taken by him may apply to the Commission for an advisory opinion relating thereto. When an advisory opinion is issued pursuant to a complete and accurate request, Neb.Rev.Stat. Sections 49-14,100 ((Reissue 1984) states that "such opinion shall be a complete defense to any charge of violation of sections 49-1493 to 49-14,104 as to any action taken strictly subject to the terms of such opinion."
Respectfully submitted,
ROBERT M. SPIRE Attorney General